IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSHAWN MAEBERRY, ID # 1006648, )<br>        Plaintiff,                       )<br>vs.                                         )<br>                                           )<br>BOB JOHNSON,                        )<br>        Defendant.                ) | No. 3:06cv1101-L(BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff is currently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice - Institutional Division. On June 21, 2006, he filed the instant civil action against Bob Johnson,[1] an attorney plaintiff hired to represent him before the parole board. (Compl. at 1, 3). He complains defendant breached the contract for legal services by failing to appear for a parole hearing, misleading plaintiff's wife and mother, and failing to file petitions for rehearing. (Id. at 3, 4). Plaintiff seeks monetary and injunctive relief as well as to have defendant disbarred from the practice of law. (Id.). In his complaint, plaintiff appears to rely on "Title 110 A, Article 6252 Tort Claim Act" and "Tex. R. App. P. 52(B)" as the basis for this action. (Compl. at 1).[2]

---

[1] On December 6, 2006, Plaintiff filed a "change of address order" with the Court indicating that defendant is also known as "Bob Coats" who is a prisoner currently residing in the William R. Boyd Unit of the Texas Department of Criminal Justice-Institutional Division.

[2] Although Plaintiff filed this action on a standard form used in actions brought under 42 U.S.C. § 1983, he specifically marked out language referencing § 1983 and inserted a hand-written notation referencing the state Tort Claims Act and a state rule of procedure. (Compl. at 1). These annotations on the complaint indicate

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001).

In this instance, plaintiff asserts no federal statutory or constitutional basis for this suit against Mr. Johnson based on the contract for legal representation. His claims appear to arise solely under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff does not allege the complete diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction").

---

to the Court that plaintiff brings his claim solely under state law and not under §1983. Even if the Court were to construe Plaintiff's complaint to state a claim under § 1983, which it does not, it notes that his suit would be subject to dismissal because defendant is not a state actor. *See Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."). The Court further notes that a simple claim of negligence is not sufficient to impose liability under § 1983. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Because any claim under § 1983 would be subject to dismissal, plaintiff's state law claims would also be subject to dismissal. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (recognizing that in cases in which all federal law claims are dismissed pre-trial, the balance of factors to be considered under the pendent jurisdiction doctrine, *i.e.*, judicial economy, convenience, fairness, and comity, results in the federal court's dismissal of remaining state law claims as well). Nevertheless, because it appears that plaintiff intended to file a legal malpractice claim specifically under the state tort law, (Compl. at 1), the Court does not construe his complaint to allege a claim under § 1983.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

**Signed this 6th day of April, 2007.**

                                                             _____
                                                             IRMA CARRILLO RAMIREZ
                                                             UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                             _____
                                                             IRMA CARRILLO RAMIREZ
                                                             UNITED STATES MAGISTRATE JUDGE